# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Janece Tisdel, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action H-21-00881 |
| The Witness Protection, | § § § | |
| *Defendant*. | § | |

## Memorandum Opinion and Order

Plaintiff Janece Tisdel filed an original complaint in this court against "The Witness Protection" on March 15, 2021. Dkt. 1. Tisdel contends that her father, who is a "Veteran, a patriot, a citizen, and a centenarian," went into the federal witness protection program. *See id.* She requests that somebody bring her father home. *Id.* However, Tisdel did not indicate in her complaint how this court has subject matter jurisdiction to hear this case, and the court issued an order to show cause. Dkt. 5. Tisdel filed a response in which she notes that "the subject of [her] case is a federal matter." Dkt. 7. She also filed a motion requesting that the court reply to her filings immediately because her father is a centenarian. Dkt. 9. She has also subsequently filed two letters pleading with the court to expedite her case and bring her elderly father who is a Veteran and a patriot home. Dkts. 10, 11. This order addresses both the motion for immediate response from the court and the issue of the court's subject matter jurisdiction.

### I. MOTION FOR IMMEDIATE RESPONSE FROM THE COURT

Tisdel's motion courteously requests that the court rule immediately on any motions in her case. Dkt. 9. The reason she seeks expedited response is because her father, who she contends went into federal witness protection and who she seeks to find, is a centenarian. *Id.*; *see also*

Dkt. 1. Certainly, the court understands Tisdel's concern given her father's advanced age. The court notes that it does have numerous other cases that are of immense importance to the litigants in those cases, but it has attempted to expeditiously address this case in response to Tisdel's request. Tisdel's motion that the court reply to her filings immediately is thus GRANTED IN PART; the court will attempt to expeditiously handle all matters in this case.

## II. SUBJECT MATTER JURISDICTION

The court requested that Tisdel show cause why the court should not dismiss her case for lack of subject matter jurisdiction. Dkt. 5. As that court noted in the order to show cause, it is a court of limited jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), if "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In her response to the motion to show cause, Tisdel asserts that she did not mean to direct her motion to the civil court and states that the subject of her case is a federal matter. Dkt. 7. This court has both civil and criminal jurisdiction, but it does not have jurisdiction to hear any matter that may colloquially considered "federal." There has to be a grant of jurisdiction for the type of case the plaintiff brings. Federal courts "possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994).

Clearly, Tisdel is requesting that the court order some federal agency to bring her father home. The statute governing the federal witness relocation and protection program is contained at 18 U.S.C. § 3521. Under that statute, the "Attorney General may provide for relocation and other protection of a witness," and the Attorney General may also "provide for the relocation and other protection of the immediate family of, or a person otherwise closely associated with, such

2

witness or potential witness if the family or person may also be endangered on account of the participation of the witness in the judicial proceeding." 18 U.S.C. § 3521(a)(1). The same statute makes clear that the "United States and its officers and employees shall not be subject to any civil liability on account of any decision to provide or not to provide protection under this chapter." 18 U.S.C. § 3521(a)(3). The statute also allows the Attorney General to "disclose or refuse to disclose the identity or location of the person relocated or protected . . . after weighing the danger such a disclosure would pose to the person, the detriment it would cause to the general effectiveness of the program, and the benefit it would afford to the public or the person seeking the disclosure . . . ." 18 U.S.C. § 3521(b)(1)(G). The questions are, does Tisdel have an obligation to make such a request to the Attorney General before calling on a federal court and, if she did first go to the Attorney General and was refused, is the court vested with the power to second guess the Attorney General's decision?

The answer to these questions lies in cases considering mandamus relief and the witness protection statute. While the witness protection statute itself precludes civil liability for discretionary decisions relating to the program, it does not preclude mandamus relief in appropriate cases. *See Garmhausen v. Holder*, 757 F. Supp. 2d 123 (E.D.N.Y. 2010). Under 28 U.S.C. § 1361, the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant has a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011).

At this very preliminary stage, the court finds that it is possible that Tisdel will be able to establish jurisdiction under the mandamus statute in an amended complaint that names the correct

defendant and outlines what relief she is seeking and why the government is obligated to provide such relief. To be clear, Tisdel's current filings do not name the Attorney General or establish that any agency in the United States owes Tisdel a duty, and it does not appear from the witness protection statute that the Attorney General owes a duty to a non-minor child of a person who is in the program. However, since Tisdel is pro se, the court grants her substantial leeway. Tisdel may amend her complaint to name the correct defendant or defendants and indicate why she is owed a duty. She must file this amendment with twenty days of the date of this order and must serve any newly named defendant or defendants as required by the Federal Rules of Civil Procedure. Tisdel shall provide any newly named defendant or defendants with a copy of the amended complaint and with a copy of this order.

### III. Conclusion

Tisdel's motion that the court reply to her filings immediately (Dkt. 9) is GRANTED IN PART.

With regard to the court's order to show cause (Dkt. 5), the court finds that Tisdel has not shown that this court has subject matter jurisdiction. However, since she is a pro se plaintiff, the court grants her substantial leeway. She may file an amended complaint naming a valid defendant or defendants under the mandamus statute as well as stating why the defendant or defendants owe her a duty under the witness protection statute. This amended complaint shall be filed within twenty days of the date of this order. If Tisdel fails to file an amended complaint or files an amended complaint that still does not show any basis for this court's jurisdiction, the case will be dismissed for lack of subject matter jurisdiction. Tisdel shall serve any newly named defendants with the amended complaint and this order.

Signed at Houston, Texas on April 30, 2021.

_____
Gray H. Miller
Senior United States District Judge