UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANECE TISDEL, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:21-cv-0881 |
| § | |
| THE WITNESS PROTECTION, § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the Court on the Government's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim.[1]  ECF 23.  The Court recommends the motion be GRANTED.

On April 30, 2021, the district court ordered Plaintiff, who is pro se, to file an amended complaint within 20 days naming a valid defendant and alleging sufficient facts to show that this court has subject matter jurisdiction.  ECF 12.  The April 30, 2021 Order informed Plaintiff that if she failed to file an amended complaint or filed an amended complaint that did not show any basis for the court's jurisdiction, her case would be dismissed for lack of subject matter jurisdiction.  ECF 12 at 4.

In response, Plaintiff has filed a series of documents essentially saying she is "suing a federal agency to find my dad."  ECF 13; *see also* ECF 6, 7, 10-17, 19, 21, 22, 27, 28.  Plaintiff has not filed an amended complaint naming a valid defendant and demonstrating a basis for this court's jurisdiction.  Plaintiff filed a one-sentence document stating "I add the Department of Justice to the list of Defendants in my case," ECF 25, and another saying "I name Steven Gourley

---

[1] The District Judge referred the case to this Magistrate Judge for pre-trial management.  ECF 18.

to the list of Defendants in my case," ECF 26.[2] She has also filed a request for "the Court to issue an injunction to enjoin the dismissal of my case and to enjoin the pensions of all who have conspired" to hold her father. ECF 28. But these filings, even if considered as an amended complaint, do not demonstrate a basis for subject matter jurisdiction. Therefore, this case should be dismissed based on Plaintiff's failure to comply with the Court's April 30, 2021 Order.

In addition, the doctrine of sovereign immunity bars Plaintiff's claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature"). Sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued." *Williamson v United States Dep't of Agriculture*, 815 F.2d 368, 373 (5th Cir. 1987). Federal law, 18 U.S.C. § 3521, authorizes the Attorney General of the United States to place a person in the witness protection program. Section 3521(a)(3) relieves the United States, its officers, and its employees from "any civil liability on account of any decision to provide or not to provide protection under this chapter. The statute does provide for mandamus relief against "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 18 U.S.C. 1361. Mandamus relief is available only when "(1) the plaintiff has a clear right to relief, (2) the defendant has a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011). Plaintiff has not named an officer or employee of the United States or any agency thereof as a defendant in this case. She alleges she is the adult daughter of a man in the witness protection program, but does not identify any legal duty, on the part of an individual or an entity, to provide her with information or to release her father to her custody. *See* 28 C.F.R. § 0.111B(b) ("[t]he identity or location or any other

---

[2] Plaintiff does not explain who "Steven Gourley" is or what his role is in her case. ECF 26.

information concerning a person receiving protection . . . or any other matter concerning the person or the Program, shall not be disclosed except at the direction of the Attorney General, the Assistant Attorney General in charge of the Criminal Division, or the Director of the Witness Security Program.").

In recognition of Plaintiff's pro se status, the Court provided Plaintiff with multiple opportunities to amend her Complaint in order to cure the deficiencies in her pleading and allege facts that would support subject matter jurisdiction. ECF 5, 12. She has not done so and it is clear after the multiple opportunities to amend that she is unable to do so. While the Court empathizes with Plaintiff in the search for her father, the Court lacks subject matter jurisdiction over her claims and therefore can take no action in her case or provide her with any relief. Therefore, the court RECOMMENDS that Plaintiff's case be dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 24, 2021, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge