UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANECE TISDEL, | § | |
| *Plaintiff*, | § § § | |
| v. | § | CIVIL ACTION H- 21-00881 |
| THE WITNESS PROTECTION, | § § § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a memorandum and recommendation ("M&R") in which Magistrate Judge Christina Bryan recommends that the court grant the Government's motion to dismiss for lack of subject matter jurisdiction (Dkt. 23). Dkt. 29. Plaintiff Janece Tisdel filed objections to the M&R. Dkt. 31. She also filed a request for a hearing. Dkt. 30. After considering the M&R, the motion to dismiss, response, objections, request for hearing, and applicable law, the court is of the opinion that Tisdel's objections (Dkt. 31) should be OVERRULED, her request for a hearing (Dkt. 30) should be DENIED, the M&R (Dkt. 29) should be ADOPTED IN FULL, and the motion to dismiss (Dkt. 23) should be GRANTED.

**I. BACKGROUND**

Tisdel filed an original complaint in this court against "The Witness Protection" on March 15, 2021. Dkt. 1. Tisdel contends that her father, who is a "Veteran, a patriot, a citizen, and a centenarian," went into the federal witness protection program. *See id.* She requests that somebody bring her father home. *Id.* However, Tisdel did not indicate in her complaint how this court has subject matter jurisdiction to hear this case, so the court issued an order to show cause. Dkt. 5.

Tisdel filed a response to the order to show cause in which she noted that "the subject of [her] case is a federal matter." Dkt. 7. The court issued an order that explained that Tisdel still had not shown that this court has subject matter jurisdiction. Dkt. 12. However, because Tisdel is pro se, the court allowed her to file an amended complaint naming a valid defendant or defendants under the mandamus statute as well as state why the defendant or defendants owe her a duty under the witness protection statute. *Id.*

After the court issued the order allowing Tisdel to amend her pleading, Tisdel filed several letters or documents that could be construed as amendments. *See* Dkt. 14 (stating she is seeking mandamus relief, is not a lawyer, and did not know she needed to name the U.S. Attorney General); Dkt. 15 (stating the court has original jurisdiction over mandamus claims); Dkt. 22 (setting forth additional facts); Dkt. 25 (adding the Department of Justice as a defendant); Dkt. 26 (adding Steven Gourley as a defendant); Dkt. 27 (providing more background about her allegations). The court referred this case to the Magistrate Judge for pretrial management on May 13, 2021.[1] Dkt. 18.

The United States of America filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim on May 27, 2021. Dkt. 23. It points out that Tisdel has not established a clear right to relief or a proper defendant who has a duty to act. *Id.* And, even if she had named the proper defendant, her complaint fails to rise above conclusory allegations, and she thus does not state a claim upon which relief can be granted. *Id.*

---

[1] Tisdel filed a notice indicating that she does not consent to proceed before the Magistrate Judge. Dkt. 20. The court may, however, designate a magistrate judge to hear and determine some types of pretrial matters, or to issue recommendations to the district court regarding other matters, without consent. 28 U.S.C. § 636. However, since she did not consent, the Magistrate Judge could only issue a recommendation on the instant motion, which is what has happened here.

Tisdel filed a response to the motion to dismiss the day after the Government filed its motion. Dkt. 24. In the response, she cites 28 U.S.C. § 1361 (mandamus statute) and *Wolcott v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011) as supporting jurisdiction or her claim. *See id.* She asserts that she wants her dad and that otherwise there is "disorder from a failure of justice." *Id.*

The Magistrate Judge issued the M&R on June 24, 2021. Dkt. 29. The Magistrate Judge noted that Tisdel never complied with the court's order to file an amended complaint demonstrating subject matter jurisdiction, and even if one were to construe her various filings as an amended complaint, they do not demonstrate a basis for subject matter jurisdiction. *Id.* Additionally, the Magistrate Judge found that sovereign immunity bars Tisdel's claims. *Id.* She noted that mandamus relief is available, but only if a plaintiff has a clear right to relief, the defendant has a clear duty to act, and there is no other adequate remedy. *Id.* (citing *Wolcott*, 635 F.3d at 768 and 18 U.S.C. § 1361). The Magistrate Judge noted that Tisdel has not named an officer or employee of the United States or any agency as a defendant and, though she alleges she is the adult daughter of a person in the witness protection program, does not identify any legal duty to provide her with information about or release her father to her custody. *Id.* The Magistrate Judge thus recommends dismissal due to lack of subject matter jurisdiction. *Id.*

Tisdel seeks a hearing with the judge (Dkt. 30) and also filed objections to the M&R (Dkt. 31). In her objections, she states that she wants her dad released to her. Dkt. 31. She contends that she filed a request for mandamus relief in docket entry 14 and presented a basis for subject matter jurisdiction in dockets 14 and 15. *Id.* She contends that she named the office of the Attorney General and the Department of Justice as defendants in docket entries 14 and 25. *Id.* She asserts that her claim is that her father is in the witness protection program and needs help because

he tried to help or protect her and that she believes he is in harm's way. *Id.* She also asserts that she "was not informed," citing *Garmhausen v. Holder*, 757 F. Supp. 2d 123 (E.D.N.Y. 2010). *Id.*

## II. LEGAL STANDARD

The court's review of an M&R from a Magistrate Review depends on whether the M&R addresses dispositive or non-dispositive motion. Since the motion in this case is a dispositive motion, the court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). Here, the court will review all issues to which objections were filed de novo and will consider whether there is any clear error on the face of the record with regard to portions of the M&R to which Tisdel did not object.

## III. ANALYSIS

In her objections, Tisdel takes issue with the Magistrate Judge's discussion about how Tisdel did not clearly amend her complaint as the court required and did not name the proper defendants. *See* Dkt. 31. The Magistrate Judge, however, while noting deficiencies in the way Tisdel attempted to modify her pleadings, still gave Tisdel leeway as a pro se litigant. *See* Dkt. 31. The Magistrate Judge found that Tisdel had not identified any duty to release information or her father on the part of *any individual or entity*. *See id.* Thus, if the Magistrate Judge had construed the filings as adding the U.S. Attorney General as a party, or any of the parties who are mentioned in Tisdel's filings, it would not have cured the problem the Magistrate Judge identified with

Tisdel's claim. Therefore, to the extent Tisdel is objecting that the Magistrate Judge did not consider all of her filings, that objection is OVERRULED.

Tisdel also mentions the *Garmhausen* case in her objection, though it is not altogether clear why. *See* Dkt. 31. She says, when citing *Garmhausen*, that she "was not informed"—presumably that her father was still alive and in witness protection.[2] *See id.* In *Garmhausen*, the father and grandparents of a child whose mother went into the federal witness protection program filed a lawsuit because the mother took the child with her; the father and grandparents could no longer see the child even though they had court-ordered custody and visitation rights. 757 F. Supp. 2d at 128. They sued the Attorney General of the United States, the Department of Justice, and the FBI agent and Assistant U.S. Attorney who placed mother and child in the witness protection program. *Id.* They requested an order requiring disclosure of the child's whereabouts, an order requiring the mother to comply with state-ordered custody and visitation requirements, and money damages against the FBI agent and Assistant U.S. Attorney. *Id.*

The *Garmhausen* defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. *Id.* at 134. The court found that the government had not waived sovereign immunity for these types of claims, but that the plaintiffs' claim for mandamus relief fell within an exception because they were seeking to have the public official perform his official duties. *Id.* at 136. The *Garmhausen* plaintiffs specifically identified three duties of the U.S. Attorney General that were subject to mandamus; the duties asserted are about parental rights relating to a minor child. *See id.* at 137. Since the duties only related to parents of minor children, not grandparents,

---

[2] For the purposes of this review, the court takes the facts Tisdel has asserted on the face of her filings as true, and therefore assumes that Tisdel's father is alive and part of the federal witness protection program.

5

the court dismissed the claims made by the grandparents. *Id.* The court also dismissed all claims asserted by the father except for the request for mandamus relief with respect to the U.S. Attorney General. *Id.* at 143.

While *Garmausen* stands for the proposition that a court could potentially exercise jurisdiction over a mandamus claim with respect to the U.S. Attorney General in a case involving the witness protection program, it requires that the Attorney General's duties be specified. Here, the duties asserted by the *Garmhausen* plaintiffs do not apply to Tisdel because she is an adult. Tisdel has not pointed to any legal duties owed to her. The court understands that Tisdel is concerned about her father and strongly desires that he leave witness protection to live with her, but the court does not have to power to require the U.S. Attorney General to act unless the Attorney General has some type of legal requirement to do what Tisdel asks. Tisdel has pointed to no such duty or law imposing a duty, and the court has found none. Tisdel's objection to the M&R related to *Garmausen* is therefore OVERRULED.

Even if the court construes Tisdel's filings as naming the Attorney General as a defendant and attempting to assert a mandamus claim, the Magistrate Judge correctly found that there is nothing in any of Tisdel's filings that can be construed as a duty owed by the Attorney General, or any party, much less a "clear right to relief," which is the standard required by the *Wolcott* case that Tisdel cites. *See Wolcott*, 635 F.3d at 768 (requiring that the plaintiff seeking mandamus relief show a clear right to relief, a clear duty to act by the defendant, and that no other adequate remedy exists). Accordingly, Tisdel has not shown that this court may exercise subject matter jurisdiction.

Tisdel's objections do not call any aspect of the Magistrate Judge's analysis into question. Tisdel's objections to the M&R are therefore OVERRULED.

Tisdel requests a hearing, but she has had multiple opportunities to amend her claim and has not been able to set forth any duties subject to mandamus. The court finds that a hearing would not be helpful. Therefore, Tisdel's motion for a hearing is DENIED.

### IV. Conclusion

The court hereby ADOPTS the M&R (Dkt. 29) in full. Tisdel's objections (Dkt. 31) are OVERRULED, and her request for a hearing (Dkt. 30) is DENIED. The Government's motion to dismiss (Dkt. 23) is GRANTED, and Tisdel's claims are DISMISSED. The court will issue a final judgment concurrently with this order.

Signed at Houston, Texas on June 30, 2021.

Gray H. Miller
Senior United States District Judge